UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re Application of Doosan Heavy Industries and Construction Co., Ltd. for an Order to obtain discovery from Liberty Maritime Corp. pursuant to 28 U.S.C. § 1782,

         Petitioner.

**MEMORANDUM AND ORDER**

19-MC-1638 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

  Petitioner Doosan Heavy Industries and Construction Co., Ltd. ("Doosan") applies *ex parte*, pursuant to 28 U.S.C. § 1782 for an order authorizing the issuance and service of subpoenas *ad testificandum* and *duces tecum* on Liberty Maritime Corp.("Liberty Maritime") in order to obtain discovery that would facilitate the enforcement, in judicial proceedings in Egypt and potentially other countries, of an award of US$ 74 million against Kuwait Gulf Link International for Ports ("KGLPI") that was issued by the International Chamber of Commerce ("Commerce") in Doosan's favor.  (ECF No. 1-2.)

  "In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).  The statute authorizes a district court to grant a request for discovery where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Id.*  The instant petition meets these jurisdictional requirements.

  *First*, Liberty Maritime is a New York corporation with its principal place of business in Lack Success, New York (Nassau County), under the purview of this Court.  (Mem. L. Supp. Ex

Parte Pet. ("Pet.'s Mem.") 4, ECF No. 1; *see also* Decl. Joshua S. Wan ("Wan Decl.") ¶ 12, ECF No. 3.) *Second*, the discovery sought would be used to enforce an award in judicial proceedings in Egypt, and potentially in other countries, that was issued by Commerce. (Pet.'s Mem 2, 5; Wan Decl. ¶¶ 5–6, 9.) *Third*, Petitioner is an "interested person" because it is personally involved as a litigant in the proceedings in Egypt. (Pet.'s Mem 2, 5; Wan Decl. ¶¶ 5–6.); *see also Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 119 (2d Cir. 2015) ("[T]he phrase 'any interested person' is 'intended to include . . . litigants . . . [and] any other person . . . [who] merely possess[es] a reasonable interest in obtaining the [information]." (citation omitted)).

Once the statutory requirements are satisfied, courts are "free to grant discovery [at their] discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83–84 (2d Cir. 2004) (quoting *In re Application of Metallgesellschaft AG*, 121 F.3d 77, 78 (2d Cir. 1997)); *see also Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[D]istrict courts [have] wide discretion to determine whether to grant discovery . . . [as long as it is ordered] in accordance with [the statutory provisions]."). The United States Supreme Court has outlined four "factors that bear consideration in ruling on a [section] 1782(a) request": (1) whether the person from whom discovery is sought is a participant in the foreign proceedings at issue; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States": and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

Here, the Court has enough information to construe these factors in Petitioner's favor. *First*, Liberty Maritime will not be a participant in any of the foreign proceedings, and Liberty Maritime is not domiciled in any of the foreign jurisdictions, so the foreign tribunals cannot order Liberty Maritime to produce the evidence sought. (Pet.'s Mem 6; *see also* Wan Decl. ¶¶ 5–6.) *Second*, the proceedings relate to a duly rendered arbitral award, and the Court has no reason to believe that Egypt, or any of the other contemplated jurisdictions, is averse to receiving assistance from the United States. (*See* Pet.'s Mem. 6.) *Third*, the Court has no reason to doubt Petitioner's good faith. *Fourth*, the discovery sought is neither burdensome nor intrusive, as it targets only documents and testimony clarifying the nature of the business relationship between Liberty Maritime and KGLPI. (*Id*. 1.)

Accordingly, Petitioner's application is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      April 14, 2020

s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

3