UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Application of Doosan Heavy Industries and Construction Co., Ltd. for an Order Directing Discovery from Liberty Maritime Corporation Pursuant to 28 U.S.C. § 1782** | Index No.  1:19-mc-01638-LDH |

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Petitioner Doosan Heavy Industries and Construction Co., Ltd. ("Petitioner" or "Doosan") and Respondent Liberty Maritime Corporation ("Liberty Maritime"), by their respective counsel, hereby stipulate and agree to the following terms of confidentiality (the "Order"), which shall govern all discovery taken in connection with the above-captioned action.

1. **Confidential Information**

    1.1    For purposes of this Order, "Confidential Information" means non-public, confidential or proprietary financial, technical, commercial, or personal information that may include (but is not limited to) sensitive trade secrets, marketing plans, financial data, strategic plans, market analysis, product information, product development data, customer information, technical data, and/or other information that is contained or disclosed in any materials governed by this Order and designated by a producing party or person in accordance with the procedures set forth in Section 2 of this Order.

    1.2    When used in this Order, the word "document" encompasses all written material, video, audio or other data record, deposition testimony, written discovery responses, and all other information and tangible items, whether produced as hard copy, electronic document, computer diskette, CD-ROM or otherwise.

2. **Designation of Confidential Information**

2.1     Any document, including any part thereof, that a producing party (hereinafter "Producing Party," which term shall include third parties producing a document for purposes of this action) reasonably believes falls within the definition set forth in paragraph 1.1 above may be designated by counsel for a Producing Party as Confidential Information by marking "CONFIDENTIAL," on the face of every page of the document. A Producing Party that so designates a document is referred to below as the Designating Party for such document.

2.2     Counsel for a Producing Party may designate any or all of a deponent's deposition testimony as Confidential Information by making a statement to that effect on the record while the deposition is being taken. Alternatively, counsel for a Producing Party may designate the transcript of a deposition as containing Confidential Information by notifying counsel for all parties in writing, within ten (10) business days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information. All deposition transcripts shall be treated as Confidential Information and subject to this Order until ten (10) business days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as containing Confidential Information in accordance with this paragraph shall not be entitled to the protection afforded under this Order.

2.3     When Confidential Information is designated during a deposition, the designating party shall instruct the court reporter to make the following notations in the deposition transcript:

(a)     on the first page of the transcript, "This transcript contains CONFIDENTIAL Information"; and

(b)     on each page containing Confidential Information, the notation "CONFIDENTIAL" (for Confidential Information).

2.4     There shall be no obligation to challenge a designation of a document as Confidential Information contemporaneous to such designation being made, and failure to do so shall not preclude a subsequent challenge.

2.5     A party opposing the designation of a document as Confidential Information shall state the objections, including the grounds for the objection, in a letter to the designating party, within a reasonable time after receiving the document.  The Designating Party shall have ten (10) business days following the receipt of the objection to withdraw its Confidential Information designation.  If the Confidential Information designation is not withdrawn, the opposing party may thereafter apply to this Court for a ruling that the information or materials shall not be so designated.  The burden shall be on the party designating the information as Confidential Information to establish, based upon a showing of good cause, that the material reasonably meets the criteria set forth in paragraph 1.1 of this Order.  If the Court determines that the designating party has not made such a showing, the information shall no longer be treated as Confidential Information unless such Order of the Court is stayed pending appeal.

3.      **Restricted Use of Confidential Information**

3.1     Except upon the prior written consent of counsel for the Designating Party, each document designated as Confidential Information must be treated strictly in accordance with this Order, may be used or disclosed only as specified in this Order, shall not be disclosed or revealed to anyone not authorized by this Order to receive it, and shall be used only for the prosecution or defense of any action commenced by Petitioner against the Kuwait Gulf Link International for Ports, Warehousing and Transport KSCC ("KGLPI") and/or Damietta International Ports Company SAE ("DIPCO") to enforce an outstanding arbitral award in Petitioner's favor and against KGLPI and DIPCO (the "Foreign Proceedings").

3.2     Confidential Information and any analysis or report containing Confidential Information may be disclosed only to:

(a)     the Court and its personnel;

(b)     counsel of record in this action, as well as their paralegal, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this action;

(c)     the courts and their personnel in the Foreign Proceedings;

(d)     counsel of record in the Foreign Proceedings, as well as their paralegal, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in the Foreign Proceedings, who have executed an agreement in the form attached hereto as Exhibit A ("Confidentiality Undertaking");

(e)     court reporters and videographers retained in connection with depositions;

(f)     other non-party support service including, but not limited to, professional jury or trial consultants, and professional vendors providing litigation support services, copy services, document processing, and trial graphics services, who have executed a Confidentiality Undertaking;

(g)     independent testifying or non-testifying experts and their support staff retained to furnish expert or technical services or to give expert testimony in connection with the Foreign Proceedings, who are not otherwise affiliated with a party and who have executed a Confidentiality Undertaking;

(h)     non-independent experts and their support staff retained to furnish expert or technical services or to give expert testimony in connection with the Foreign Proceedings, who have executed a Confidentiality Undertaking;

(i)     employees of the parties or their affiliates to whom disclosure is reasonably necessary for the prosecution and defense of the Foreign Proceedings, and who, prior to such disclosure, have executed a Confidentiality Undertaking;

(j)     such other persons as the parties may designate in writing by stipulation between the parties, provided, however, that before such person is shown or receives any information or document designated as confidential, they agree to be subject to the terms of this Stipulated Protective Order in writing by signing the Confidentiality Undertaking.

3.3     Counsel for each party shall maintain copies of Confidentiality Undertakings signed by those people to whom Confidential Information is disclosed in whole or in part.  Any party proposing to disclose information to a person required to execute Confidentiality Undertakings pursuant to paragraph 3.2 shall first provide a copy of the executed Confidentiality Undertakings to the Designating Party and shall wait five (5) days from so providing a copy to the Designating Party before showing the Confidential Information to the proposed recipient executing the Confidentiality Undertakings in order to permit the Designating Party sufficient time to object to the proposed disclosure.  Any individual to whom counsel for the parties makes a disclosure, pursuant to this Order, of Confidential Information must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

3.4     A party may disclose any Confidential Information to any person not permitted to receive it under paragraph 3.2 only as set forth in this paragraph.  The attorney for the party wishing to disclose the Confidential Information shall notify counsel for the Producing Party in writing and prior to any such disclosure of: (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made.  The parties then shall negotiate, in good faith, to reach an agreement regarding such disclosure.  If such an agreement cannot be reached on the proposed disclosure, the party seeking to disclose Confidential Information shall make an appropriate motion to the Court.  The party seeking to disclose the Confidential Information shall bear the burden of showing that the proposed disclosure is necessary.  The Court will rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.  Unless

or until the Court rules otherwise, such information may not be disclosed, except as set forth in paragraph 3.2.

      3.5     The inadvertent failure by the Producing Party or person to designate a document as Confidential Information shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality, either as to the material produced or as to the information it contains.  Promptly upon discovering its inadvertent error, the Producing Party or person shall notify the receiving party in writing of the error, and within ten (10) days of receipt of notice the receiving party shall either (a) mark all copies of the specified materials with the appropriate legend, (b) destroy the unmarked copies, or (c) return the unmarked copies to the Producing Party or person for marking.  If returned to the Producing Party for marking, the Producing Party shall return the marked copies to the receiving party within five (5) business days.  The production or conspicuous use, in a deposition or otherwise in the presence of counsel for a Producing Party, of a document inadvertently not designated under paragraph 1.1 above shall not constitute discovery or notice of such inadvertent failure to so designate or otherwise prejudice the Producing Party's ability to so designate at that time.

      3.6     In the event that a party is ordered or requested to produce or disclose any document(s) designated as Confidential Information, through a subpoena in another action, a demand in another action to which it is a party, or any other legal process served by a person not a party to this action, the party served with the subpoena, demand, or other legal process shall object to production of the Confidential Information and shall give prompt written notice to the Producing Party within five (5) days of receiving the request or order.  If the non-party seeking access to the Confidential Information takes action against the party to enforce such a subpoena, demand, or other legal process, the party shall respond by noting the existence of this Order.

Nothing in this Order requires a party to challenge or appeal any order requiring production of Confidential Information; to subject itself to any penalties for noncompliance with any subpoena, demand, legal process, or order; or to seek any relief from this Court.

4. **Enforcement**

    4.1    If any person bound by this Order violates its terms or threatens to violate its terms, the Producing Party shall apply to the Court to obtain relief against such person. If the Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted in the discretion of the Court.

    4.2    This Court shall retain jurisdiction over this Order and the parties to this Order, including any person who agrees to be bound by this Order by executing Exhibit A, for purposes of enforcing this Order.

5. **Privilege**

    5.1    If a party produces information that the party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the producing party shall promptly notify the receiving party, in writing, of the producing party's claim of attorney-client privilege or work product protection with respect to such Disclosed Protected Information. If this notice is provided within fourteen (14) days of the production of the Disclosed Protected Information, then, pursuant to Fed. R. Evid. 502(d), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter. Otherwise, the disclosure of the Disclosed Protected Information shall be governed by Fed. R. Evid. 502(b).

5.2     The receiving party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 5.1—within five (5) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within five business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the disclosing party must produce a privilege log with respect to the Disclosed Protected Information.

5.3     If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within fifteen (15) days of receipt of the claim of disclosure—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the receiving party must not use the Disclosed Protected Information or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

5.4     The parties may stipulate to extend the time periods set forth in paragraphs 5.2 and 5.3.

5.5     Disclosed Protected Information that is sought to be reclaimed by the parties to this action pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this action.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the Disclosing Party that such materials have been produced.

5.6     The Disclosing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Disclosed Protected Information.

6.    **Miscellaneous**

6.1     Nothing herein shall be construed to prevent any party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such party or of disclosure in violation of this Order.  Nothing herein shall be construed to prevent a party from using or continuing to use any documents or information known to it or used by it prior to the filing of this Order or that has come or shall come into a party's possession independently of disclosure and/or discovery in this action, except in accordance with any pre-existing limits attached to those documents or information.

6.2     Nothing contained in this Order shall be construed to limit any party's rights (a) to use, in taking depositions of a party, its employees, former employees or its experts, or in briefs, or at trial, or in any proceeding in the Foreign Proceedings, any information designated Confidential Information of that party, or (b) to disclose Confidential Information to any witness at a deposition or at trial who either wrote (in whole or in part), received, or lawfully has or had rightful access to such information, except that such witness must execute the Confidentiality Undertaking.  In addition, a witness may be shown any document that contains or reveals Confidential Information if the witness (a) is a 30(b)(6) witness testifying on behalf of the Producing Party, (b) is a present officer, director or employee of the Producing Party, (c) was an officer or director of the Producing Party at the time the document was sent and/or created, had access to the document while an officer or director, and who has executed a Confidentiality Undertaking, (d) was an employee of the Producing Party at the time the document was sent

and/or created and is not then-employed by a competitor of the Producing Party, or (e) was an employee of the Producing Party at the time the document was sent and/or created whose duties or position while with the Producing Party would have provided access to the type of Confidential Information at issue. Before any person listed in this paragraph may be shown any document that contains or reveals Confidential Information, the witness must execute the Confidentiality Undertaking.

      6.3      Nothing in this Order shall prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive documents designated as Confidential Information, as identified herein, if the examination concerns a document that the witness previously had actual lawful access to or prior knowledge of as demonstrated by the document itself or by foundation testimony, so long as the witness executes the Confidentiality Undertaking. Nor shall this Order prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential Information, so long as such examination shall be in a manner that does not disclose the details of the designated documents. Any Confidential Information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

7.      **Conclusion of This Action and The Foreign Proceedings**

      7.1      This protective order shall continue to bind the Producing Parties and all others who have agreed to or have knowledge of its terms after the final disposition of this action and the Foreign Proceedings. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action and in the Foreign Proceedings, with or without prejudice, by settlement or otherwise, or (2) final judgment in this action and in the Foreign Proceedings after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

action and of the Foreign Proceedings, including the time limits for filing any motions of applications for extension of time pursuant to applicable law.

    7.2    Within 60 days of Final Disposition, each party must return all Information that has been designated as "Confidential" to the Producing Party, or destroy such materials. Whether such materials are returned or destroyed, the receiving parties must certify to the Producing Party that (a) all protected materials were returned or destroyed and (b) no copies, abstracts, compilations, summaries and other formats capturing or reproducing the protected material have been retained except as permitted by this Section. Notwithstanding this provision, counsel for each party may retain cop[ies] of pleadings filed with the Court, motion papers, written discovery requests and responses thereto, deposition transcripts and exhibits, expert reports, attorney work product, and expert work product, even if such materials contain Confidential Information. Any such copies need not be returned or destroyed, but if not returned or destroyed, shall be used only in accordance with the terms of this protective order. The court shall retain jurisdiction to enforce this protective order notwithstanding the termination of this action by settlement or judgment.

<table>
<tr><td>

*/s/ James E. Berger*
James E. Berger
Joshua S. Wan

KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222
jberger@kslaw.com
jwan@kslaw.com

*Attorneys for Petitioner Doosan Heavy Industries and Construction Co., Ltd.*

</td><td>

*/s/ Bryant E. Gardner*
Bryant E. Gardner (*pro hac vice*)

WINSTON & STRAWN LLP
1901 L Street N.W.
Washington, D.C. 20036-3506
Tel: (202) 282-5893
Fax: (202) 282-5100
bgardner@winston.com

Allison N. Skopec (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-3278

</td></tr>
</table>

        Fax: (212) 294-4700
        askopec@winston.com

        *Attorneys for Respondent Liberty Maritime Corporation*

**SO ORDERED**, this ___ day of _____, 2020.

        _____
        Hon. LaShann DeArcy Hall

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Application of Doosan Heavy Industries and Construction Co., Ltd. for an Order Directing Discovery from Liberty Maritime Corporation Pursuant to 28 U.S.C. § 1782** | Index No. 1:19-mc-01638-LDH |

## CONFIDENTIALITY UNDERTAKING

I acknowledge that I have been given access to, or may be given access to, certain information, materials, documents, or testimony that a party in the above-caption action considers Confidential Information. I have received a copy of the Protective Order in this action. I have read the Protective Order, I understand the terms of the Protective Order, and I agree to be bound by the terms of the Protective Order. I understand that the Protective Order, among other things, prohibits me from disclosing any Confidential Information to any person not permitted to receive it under paragraph 3.2 of the Protective Order, unless the person is a member of my staff allowed to have access to the information under the Protective Order, in which case I will inform that person of the contents of the Protective Order and will take all steps necessary to ensure that that person preserves the confidentiality of the information.

Dated: _____

Signature: _____
Print Name: _____
Address: _____
_____